SAMUELSON et al v. GLICKMAN.

(Supreme Court, Appellate Division, Second Department. June 15, 1906.)

1. VENDOR AND PURCHASER—CONTRACT—INCUMBRANCES.

The provision in a contract of sale of premises described as a lot 100 feet front by 150 feet deep, "free from all incumbrances except as herein stated," that the "vendee has the privilege of a party wall as per agreement" in the possession of a third person, is not to be understood as indicating that the premises are incumbered with a party wall.thereon.

2. SAME—RECOVERY BY PURCHASER.

The vendor, not being able to convey a lot free from incumbrances, as provided by the contract, must refund the money paid on the contract by the vendee, and also pay him his expense of examining the title.

[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Vendor and Purchaser, §§ 965–972.]

Appeal from Trial Term, Kings County.

Action by Samuel Samuelson and another against Pincus Glickman. From a judgment for plaintiffs, and from an order denying a motion on the minutes for a new trial, defendant appeals.    Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

Leonard Bronner (Joseph J. Myers, on the brief), for appellant.

Solomon S. Schwartz, for respondents.

WOODWARD, J.  The plaintiffs bring this action to recover $1,000, moneys paid on a contract of purchase of real estate, and for damages for a breach of such contract, claiming that the premises mentioned in the contract were incumbered with an encroachment of 6 inches wide on the westerly wall. .The contract of purchase and sale was made in writing, the premises being shown upon a diagram, which pointed out a lot with 100 feet frontage on Pitkin avenue and 150 feet deep.  It.is conceded on this appeal, as it was upon the trial, that the premises which the defendant was prepared to convey did not extend 100 feet on Pitkin avenue, though it was claimed that there was a party wall upon the westerly line, and that, if the premises ran to the middle of this party wall, there would be 100 feet of such frontage.   The contract, after pointing out the premises as 100 by 150 feet, declared that the "vendee has the privilege of a party wall as per agreement now in possession of the Title Guaranty & Trust Company."   The defendant urges upon this appeal that this was sufficient to give the purchasers notice of the incumbrance, and they must be understood to have purchased subject to the ·encroachment of this party wall.

It seems clear to us that where the parties enter into an agreement to sell and purchase premises 100 by 150 feet "free from all incumbrances except as herein stated," the vendor is bound to be prepared to convey the premises according to the terms of the contract, and that the reference to the privilege of a party wall was to be understood, not as an incumbrance upon the premises to be sold, but something in addition thereto.   This is the contemplation of parties in a contract of sale such as the one here under consideration, from the natural meaning of the language employed.   If the plaintiffs refused to accept the premises with, this encroachment of an alleged party wall, the defendant failed to comply with the conditions of his contract, and the plaintiffs had a right to have their money refunded, and to have the damages adjusted, just as has been done in the case now before us.   It is undoubtedly true, if the plaintiffs had accepted the deed tendered by the defendant, and had entered into possession, a court of equity would not permit a rescission of the contract, because there was enough in the contract of sale to give the plaintiffs notice of a party wall in connection with the premises, and they would be deemed to have accepted the modification; but in this case the plaintiffs, having found that the premises to be conveyed were incumbered by an encroachment of six inches, refused to complete the purchase, as they had a right to do, and the judgment awarding them the sum of $1,100, or the return of the $1,000 deposit and $100 for the expense of examining title, is supported

by the facts, and is in harmony with the law and with the contract exist-
ing between the parties.

We have examined the errors alleged on the part of the defendant,
but do not find any which call for a reversal of this judgment.

The judgment and order appealed from should be affirmed, with
costs.   All concur.